The People of the State of Illinois, Plaintiff-Appellee, *v.* Walter Witherspoon *et al.*, Defendants-Appellants.

(No. 56669; ▮▮▮▮▮▮▮▮

First District—July 26, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Michael Weininger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Terence J. Mahoney, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendants, Walter Witherspoon, Robert Carter and Duane Franklin, were jointly indicted for the rape of Judy Vetsch and Margaret Eberle. Robert Carter was charged in a separate indictment with aggravated battery upon a police officer. A motion to suppress the in-court identifications was denied and the cause was tried without a jury. The defendants were found guilty of rape and sentenced to imprisonment in the penitentiary for terms of 5 to 15 years. Robert Carter was also found guilty of aggravated battery and sentenced to a concurrent term of 1 to 2 years. An appeal was taken directly to the Supreme Court and then transferred here.

On appeal, the defendants contend that (1) the in-court identification by Judy Vetsch was tainted by an unfair and prejudicial line-up, (2) the in-court identification by Marjorie Eberle was tainted by an earlier out-of-court photographic identification, (3) the defendants were not proven guilty beyond a reasonable doubt because the identification testimony was vague and uncertain, and (4) the refusal by the Court to allow defense counsel to examine a prior statement by a witness was a denial of due process.

Before trial, it was stipulated that the evidence heard during the hearing on the motion to suppress would be considered as evidence in the case in chief. The record reveals that at about 6:00 P.M. on October 19, 1969, Judy Vetsch, who resides in Ann Arbor, Michigan, and her girl friend, Marjorie Eberle, were at the lake front beach. They both saw the three defendants pass by them a couple of times. The girls decided to leave when it began to rain. The three men followed and grabbed them. Both girls were raped and Miss Eberle's nose was broken. The attack lasted about ten minutes. The girls, screaming and yelling, flagged down a police car. They described their attackers as three male Negroes, two were taller, one was shorter, and all three wore dark clothing.

After receiving a radio message that three men were wanted for rape, the police went to the scene looking for the attackers. They found the three defendants at the beach. After the police told the defendants to raise their hands, Carter ran and was apprehended. The three were arrested.

The three defendants testified that they went to the beach about 3:00 P.M. on the day in question. They were drinking. They were arrested between 6:30 and 7:00 P.M. All three denied committing the offenses with which they were charged.

The defendants initially contend that the in-court identifications by the victims were tainted by pre-trial identification procedures which

were so unnecessarily suggestive and conducive to irreparable mistaken identification as to violate due process of law.

The evidence reveals that within three hours of the rapes, Judy Vetsch viewed five men in a lineup. She immediately recognized Witherspoon. She said she hesitated to identify Carter and Franklin because they were wearing white hospital pants. The original pants worn by the two had been confiscated by the police. When the two were required to dress in their original clothing, she identified them. Shortly thereafter, Miss Vetsch and a police officer went to the hospital where Miss Eberle was shown a photograph of the lineup. She identified the three defendants from the picture.

The defendants argue that the suggestive elements surrounding the lineup identification and the photographic identification made it all but inevitable that the girls would identify the defendants whether or not they were the attackers. Specifically, they stress the fact that the three defendants were the only men in the lineup with sand on their clothing. We are unable to agree with defendant's contention. The girls positively identified the defendants at trial as their attackers, and the trial judge who saw and heard them found their testimony worthy of belief. The evidence discloses that the girls observed the three defendants passing by them on a couple of occasions prior to the attack. The defendants, by their own testimony, admit they were together about the time of the attack in the immediate vicinity of where the crime was committed. The attack took about ten minutes, during which time both of the girls stated they had occasion to observe their assailants.

■■ Even if we were to determine that the pre-trial confrontations were grossly suggestive, which we do not, the in-court testimony of the identifying witnesses would still be admissible. The record reveals that the prior observations of the identifying witnesses gave them ample opportunity to observe their assailants and provided an adequate independent basis for the in-court identifications. *People v. Fox,* 48 Ill.2d 239, 269 N.E.2d 720; *People v. Martin,* 47 Ill.2d 331, 265 N.E.2d 685.

■■ It is next contended that the trial judge erred in refusing to allow defense counsel to examine a prior statement of Officer Thomas Goddard. The officer testified that at the time of the arrest, defendant Carter struck him. At the close of cross-examination the officer admitted giving a signed statement to the Internal Investigation Division of the Chicago Police Department. The State's Attorney admitted having the statement in his possession and defense counsel sought to examine it for the purpose of possible impeachment. The State refused, maintaining that the

statement was completely unrelated to the case at bar. The record reveals that the State tendered the statement to the Court for its perusal. After reading it, the Court announced there was nothing impeaching in it and denied defense counsel's request. We perceive no error in the trial court's ruling. The relevancy of the statement to the case at bar had not been established. (*People v. Wolff*, 19 Ill.2d 318, 167 N.E.2d 197.) Moreover, since the judge was the trier of facts in the instant case, his refusal to tender the statement to defense counsel could not have been prejudicial.

■■ The defendants' remaining contention is that they were not proven guilty beyond a reasonable doubt because the identifications were vague and uncertain. We have discussed this matter and need not repeat our conclusions. The testimony of the two victims was clear and positive. The sufficiency of the evidence and the weight to be accorded the testimony of witnesses are questions for the trier of facts. No reasonable doubt as to defendants' guilt exists in the instant case.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.